# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYANT K. JOHNSON, | ) | |
| Petitioner, | ) | Civil Action No. 1:18-294 |
| v. | ) | Judge Cathy Bissoon |
| SUPT. MICHAEL CLARK, *et al.*, | ) | Magistrate Judge Richard A. Lanzillo |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636 and Local Rule of Civil Procedure 72.

On February 6, 2019, the Magistrate Judge issued a Report and Recommendation ("Report," Doc. 2) recommending that Petitioner Bryant K. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition," Doc. 1) be dismissed because the relief Petitioner seeks—monetary compensation for his confiscated boots and an injunction restoring his rights to receive religious and nonreligious printed materials—is beyond the scope of relief available in a habeas proceeding.

Petitioner timely filed Objections to the Report ("Objections," Doc. 3). Petitioner contends that, contrary to the Report, he seeks to challenge correctional policies that "could alter the duration of his confinement if not followed." (Objections 1.) In other words, Petitioner argues that if he were to violate the allegedly unconstitutional correctional policies mentioned in his Petition, such a violation would lead to future disciplinary action and a longer period of confinement. (Objections 2.)

1

As support for his position, Petitioner cites three cases: Muhammad v. Close, 540 U.S. 749, 750 (2004) ("[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus"); Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("the Supreme Court has left open a crack for habeas corpus claims challenging prison conditions"); and Fielding v. Le Fevre, 548 F.2d 1102, 1108-09 (2d Cir. 1977) (suggesting the possibility that extreme circumstances may arise in which, upon strong evidence, federal courts will interfere in the administration of state prisons).

The Court has conducted a *de novo* review of the pleadings and documents in this case, the Report, and the Objections. For the reasons that follow, the Court will adopt the Magistrate Judge's Report as the opinion of the District Court and dismiss the Petition.

On close examination, all of Petitioner's cases support the conclusions of the Magistrate Judge. Specifically, all of Petitioner's cases support the conclusion that a habeas proceeding is unavailable when a ruling in Petitioner's favor would not alter his sentence or conviction. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"). The Magistrate Judge properly concluded that Petitioner has not challenged the fact or duration of his confinement, and that a habeas action is unauthorized.

In Muhammad, the Supreme Court addressed a circuit split on the application of Heck v. Humphrey, 512 U.S. 477 (1994), which held that hybrid cases (in which a prisoner seeks relief unavailable in habeas, such as damages, based on allegations that imply the prisoner's conviction or duration of confinement to be invalid) can be brought only after a successful challenge to the underlying conviction or sentence. Muhammad, 540 U.S. at 750-51. The Muhammad Court

2

held that the Heck rule has no application where "a prisoner's challenge . . . threatens no consequence for his conviction or the duration of his sentence." Id. at 751. Such is the case here, where resolution in Petitioner's favor will neither shorten his period of confinement with any certainty nor undo his conviction.[1] Muhammad, to the extent it applies, supports the conclusion that an action not challenging confinement must be brought in a different type of proceeding, such as an action under 42 U.S.C. § 1983.

Glaus and Fielding, while not binding on this Court, provide additional persuasive authority for the unavailability of habeas proceedings for Petitioner's allegations. Glaus upheld the distinction between two discrete tracks: "a petitioner requests either a 'quantum change in the level of custody,' which must be addressed by habeas corpus, or 'a different program or location or environment,' which raises a civil rights claim." Glaus, 408 F.3d at 388 (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). Likewise, Fielding concluded that the only avenue for a lawsuit challenging prison conditions is through a civil rights action under 42 U.S.C. § 1983. Fielding, 548 F.2d at 1108 ("Even if the state provided no psychiatric care at all for its prisoners, petitioner would not be entitled to the grant of *habeas corpus*. Assuming, arguendo, that there is an obligation to provide such treatment, the proper remedy is a suit under 42 U.S.C. § 1983 to compel the state to afford prisoners access to psychotherapy.")

---

[1] The series of events through which a favorable resolution could lead to less detention is highly speculative: Petitioner suggests that absent judicial intervention he might violate a correctional policy, face future disciplinary action, and then face a longer sentence. This is too speculative to qualify as a challenge to the duration of Petitioner's confinement. See Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 635 (D.N.J. 2008) ("It is self-evident that Petitioner's allegations as to his *future* parole hearing are speculative and do not warrant habeas relief." (emphases in original)). Alternatively, if the Court takes the argument to be that it is unconstitutional to require compliance with an unconstitutional policy at penalty of increased prison time, the Court's conclusion as to the appropriate remedial path under 42 U.S.C. § 1983 stands.

3

In sum, as the Court is not persuaded by Petitioner's Objections, those objections are overruled.

Accordingly, the following Order is entered:

The Magistrate Judge's Report (Doc. 2) is ADOPTED as the Opinion of the District Court. The Petition (Doc. 1) is DISMISSED, without prejudice to Petitioner filing a separate lawsuit at a separate docket number under 42 U.S.C. § 1983. A certificate of appealability is DENIED for the reasons stated in the Report.

IT IS SO ORDERED.


March 7, 2019                                        s/Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All counsel of record


cc (via First-Class, U.S. Mail):

BRYANT K. JOHNSON
HS-6120
SCI Albion
10745 Route 18
Albion, PA 16475-0002